IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

FREEMAN MOSS, :
:
    Plaintiff :
:
VS. :
: 3 : 07-CV-78 (CDL)
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
    Defendant. :

**RECOMMENDATION**

    The plaintiff herein filed this Social Security appeal on July 17, 2007, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

    The plaintiff filed his application for Supplemental Security income benefits in April 2002, alleging disability since sustaining injuries in a December 29, 2001, automobile accident. He alleges that he is disabled due to hip pain, inability to stand for long periods of time, inability to use his right hand, and dizziness. His claim was denied initially and upon reconsideration. Following a hearing, the ALJ denied the plaintiff's claim, finding that although the claimant could not return to his past relevant work as an automobile body repair person or painter, the plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. In so finding, the ALJ relied in part on the testimony of a Vocational Expert, who testified that given the claimant's age, education, work experience, and residual functional capacity, such an individual would be able to perform the duties of a kitchen

worker, laundry machine operator, cashier, and ticket seller. R. at 23. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ erred in rejecting the opinion of his treating physician and erred in making findings regarding his residual functional capacity.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician's opinion*

Initially, the plaintiff argues that the ALJ erred in rejecting the opinion of disability offered by his treating physician, Dr. John Mitchell. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

In rejecting the opinion of disability issued by Dr. Mitchell, the ALJ found that the opinion was inconsistent with the medical evidence of record and noted that

> Dr. Mitchell has not actually treated the claimant. There is no diagnosis that would require the claimant to rest supine or to elevate his right leg multiple times daily. The limitations of Dr. Mitchell appear to be solely based upon the claimant's allegations, rather than based upon the medical records of his associate, Dr. Denis. I therefore do not accept the recommendations of Dr. Mitchell regarding the claimant's residual functional capacity.

3

R. at 22.

The plaintiff maintains that the record reflects numerous occasions on which the plaintiff received treatment from Dr. Mitchell, his partner Dr. Bruno Denis, and the Oglethorpe Medical Center and that Dr. Mitchell's May 9, 2005, statement of disability was explicitly based "on his examination of the patient". Although counsel for the Commissioner acknowledges that Dr. Mitchell did in fact treat the plaintiff prior to his May 9, 2005, residual functional capacity assessment, the Commissioner asserts that Dr. Mitchell had only treated the plaintiff on one occasion prior to this assessment and that he thus had not yet established a treating relationship with the plaintiff.

A review of the objective medical record, and specifically of the plaintiff's treatment records from the Oglethorpe Medical Center, do not clearly reveal the identity of the treating physician(s), as certain treatment notes are signed with initials that may or may not represent the signature of Dr. Mitchell. *See* R. at 256, 260. Regardless of this lack of clarity in the record, the ALJ's conclusion that Dr. Mitchell's May 9, 2005, residual functional capacity assessment was inconsistent with the objective medical record and therefore properly assigned no weight is supported by substantial evidence. Dr. Mitchell opined that the plaintiff could only stand or sit no more than two (2) hours at a time, must lie down three (3) times per day due to hip and lower back pain, and must elevate his right leg three (3) to four (4) times per day. There are no diagnoses or findings in the objective medical record before the ALJ that support such debilitating restrictions, with the records from Oglethorpe Medical Center showing that the plaintiff had only three (3) treatment visits, for elevated blood pressure, back pain, and a fainting

spell respectively, during January and February 2004.[1]

*Residual functional capacity*

The plaintiff also argues that the ALJ's findings of residual functional capacity are not supported by substantial evidence. Specifically, the plaintiff challenges the ALJ's findings that the plaintiff could stand or walk for three or four hours a day without limitation and asserts that these findings ignore medical reports of plaintiff's dizziness and need to sit or stand at will and to lie down periodically throughout the day. The plaintiff also argues that the ALJ erred in certain findings at Step 5 of the sequential evaluation process, involving the determination of plaintiff's residual functional capacity.

The ALJ concluded that the:

> claimant has the residual functional capacity to lift up to 25 pounds occasionally and up to 15 pounds frequently. He must avoid crouching and climbing. He is limited to occasional kneeling and frequent crawling as well as frequent use of his upper extremities for fingering or feeling. He has markedly reduced ability to pinch and grip with his right hand. He can stand or walk for three to four hours in an eight hour day and has no limitations on sitting. The claimant is limited to simple, unskilled tasks.

R. at 20.

The Commissioner points out that although the ALJ omitted the "sit/stand option" from his formal residual functional capacity findings, he did include this limitation in the

---

[1]The court notes that the plaintiff relies on certain medical records, including treatment notes dated 2005, 2006, and 2007, that were submitted only to the Appeals Council. The plaintiff has not presented any showing of good cause or materiality in regard to these records. These records therefore are not properly before the undersigned and will not be considered herein. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985)(pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted).

hypotheticals posed to the Vocational Expert. When asked to consider an individual who required a sit/stand option, the Vocational Expert responded that such an individual "[c]ould do all those cashiering jobs. Also could . . . do the job of a gate keeper – gate tender, approximately 1,200 in the region and 50,000 in the national economy." R. at 370. Additionally, to the extent that the plaintiff asserts that the ALJ's hypotheticals did not accurately and fully depict his impairments, a review of the ALJ's hypotheticals reveals a more limited depiction of plaintiff's residual functional capacity in the questions posed to the Vocational Expert than the ALJ's ultimate findings of plaintiff's residual functional capacity. In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." Holley v. Chater, 931 F. Supp. 840, 851 (S.D.Fla. 1996).

The ALJ specifically included in his hypotheticals a restriction involving the need to sit/stand and limitations related to plaintiff's reduced right hand strength, and the Vocational Expert continued to point to sedentary jobs which the plaintiff remained capable of performing. The ALJ's hypotheticals properly set before the Vocational Expert the nature and extent of plaintiff's limitations as supported and revealed by the objective medical record and findings of treating and examining physicians.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant

to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 9th day of July, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE